## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

HOWARD COHAN

      Plaintiff,

v.

POOL IV FINANCE, LLC, a Delaware limited liability company,

      Defendant.

---

## PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

      Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination Pool IV Finance, LLC based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36.

### JURISDICTION AND VENUE

      1.      This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

      2.      Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

### PARTIES

      3.      Plaintiff is a resident of Palm Beach County, Florida.

4.      Defendant is a limited liability company with its registered office in Colorado located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

5.      Upon information and belief, Defendant owns or operates "Crowne Plaza Denver International Airport" whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates the above paragraphs by reference.

7.      Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work.

8.      The above listed disabilities and symptoms are permanent.

9.      At the time of Plaintiff's initial visit to Crowne Plaza Denver International Airport (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.105.

10.     Plaintiff's condition is degenerative and requires occasional use of mobility aids to assist his movement.

11.     Plaintiff regularly travels to the Denver area 3-4 times per year to visit friends and shop. Plaintiff prefers staying around the Denver area because of the density of malls, stores, restaurants, and hotels.

12.     Plaintiff recently returned to the Denver area on May 18, 2019 until May 21, 2019 and currently plans to return to the area again in September. Plaintiff stays at hotels when he is in the area.

13.     Plaintiff does not always stay at the same hotel, but prefers to shop around for the best prices, amenities, location, and ease of access to accommodate his disabilities.

14.     Plaintiff regularly experiences barriers to access relating to his disability at hotels due to his frequent travels.

15.     While many hotels offer the option of booking accessible rooms, there is no indication that the rest of the hotel will be accessible to Plaintiff.

16.     Hotels near the airport are sometimes more convenient for Plaintiff when he has early or late flights to and from the area.

17.     This requires Plaintiff to visit hotels that offer the amenities, pricing, and location he desires prior to booking a stay to ensure that he can access the Facility in a manner equal to non-disabled individuals.

18.     Plaintiff encountered barriers to access at the Facility which denied him full and equal access and enjoyment of the services, goods and amenities when he visited the Facility on March 8, 2018.

19.     Plaintiff was deterred from staying at Defendant's hotel during his most recent trip because the barriers to access Plaintiff previously encountered had not been removed.

20.     Plaintiff is a customer of Defendant's hotel brand and would return to the Facility in September if Defendant modifies the Facility and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

21.     Due to Plaintiff's frequent travels, he also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

22.     Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

23.     Plaintiff incorporates the above paragraphs by reference.

24.     This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

25.     Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

26.     Plaintiff incorporates the above paragraphs by reference.

27.     Crowne Plaza Denver International Airport is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

28.     Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

29.     Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

30.     Plaintiff personally encountered architectural barriers on March 8, 2018, at the Facility located at 15500 E 40th Ave, Denver, CO 80239:

    a.  Parking near Convention Center:

        i.  Failing to provide bilateral handrails on a ramp that has a rise greater than 6 inches or in a horizontal projection greater than 72 inches violating 2010 ADAAG §§405, 405.1, 405.8, 505 and/or §4.8.5 of the 1991 ADA Standards.

    b.  Men's Restroom near Convention Center:

        i.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

        ii.  Failing to provide a urinal designed for a person with a disability where the horizontal projection of the urinal is not at a minimum of 13.5 inches in violation of 2010 ADAAG §§605 and 605.2.

      iii.  Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

      iv.  Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§609, 609.4 and 609.7.

      v.  Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3.

      vi.  Providing an element or object that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80" high  in violation of 2010 ADAAG §§204, 307, 307.1, 307.2.

      vii.  Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

c.  Dining Area:

      i.  Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

d.  Bar Area:

      i.  Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§904, 904.4, 904.4.1, 904.4.2, 305 and 306.

    ii. Failing to provide the correct height for accessible seating or work surface use for person(s) with a disability at a bar or adjacent table in the bar area in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

e. Lobby Restroom:

    i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

    ii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

    iii. Failing to provide a urinal designed for a person with a disability where the horizontal projection of the urinal is not at a minimum of 13.5 inches in violation of 2010 ADAAG §§605 and 605.2.

    iv. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

    v. Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§609, 609.4 and 609.7.

vi.   Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3.

vii.  Providing an element or object that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80" high  in violation of 2010 ADAAG §§204, 307, 307.1, 307.2.

viii. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

f.  Passenger Drop-Off Area:

i.   Failing to provide a passenger loading zone with an access aisle marked with striping in violation of 2010 ADAAG §§209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3.

31.   These barriers cause Plaintiff difficulty in safely using each element of the Facility, because of Plaintiff's impaired mobility and range of motion in his arms, shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

32.   Defendant has failed to remove some or all of the barriers and violations at the Facility.

33.   Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

34.   Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where

individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

35.     Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the Facility due to the barriers and other violations listed in this Complaint.

36.     It would be readily achievable for Defendant to remove all of the barriers at the Facility.

37.     Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     declare that the Facility identified in this Complaint is in violation of the ADA;

B.     declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C.     enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

D.     enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E.     award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F.      grant any other such relief as the Court deems just and proper.


Respectfully submitted on July 1, 2019.


/s/ *Gloria Y. Saad*
**Gloria Y. Saad**
Blackmore Law PLC
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
Telephone: (833) 343-6743
E-mail: gsaad@blackmorelawplc.com
*Counsel for Plaintiff*

10